IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:23-CR-00204- |
| | § | SDJ-AGD |
| TRAVIS PARKER GOODMAN | § | |

**AMENDED REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Travis Parker Goodman's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 15, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael J. Pannitto of the Federal Public Defender's Office. The Government was represented by U.S. Attorney Maureen E. Smith.

Defendant was sentenced on June 14, 2019, before The Honorable Sidney Fitzwater of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute a Schedule 1 Controlled Substance, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years imprisonment. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of 1 was 57 to 71 months. Defendant was sentenced to 71 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include treatment of narcotic, drug, and alcohol dependency and financial disclosure. On December 22, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On May 26, 2023, Defendant's conditions of supervision were amended to include alcohol abstinence and mental health treatment. On September 13, 2023, jurisdiction in this case was transferred from the

REPORT AND RECOMMENDATION – Page 1

Northern District of Texas, Dallas Division, to the Eastern District of Texas, Sherman Division, and the case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On December 14, 2023, the United States Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #9, Sealed). The Petition asserts that Defendant violated six (6) conditions of supervised release, as follows: (1) Defendant must not commit another federal, state, or local crime; (2) Defendant must truthfully answer questions asked by his probation officer; (3) Defendant must follow the instructions of the probation officer related to the conditions of supervision; (4) Defendant must participate in a program (inpatient/outpatient) approved by the U.S. Probation Office for treatment of narcotics, or alcohol dependency, which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or other intoxicants during and after completion of treatment; (5) Defendant must participate in any combination of psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in connection with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any costs associated with treatment and testing; and (6) Defendant shall provide to the probation officer any requested financial information (Dkt. #9 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts:

1. On April 17, 2023, Defendant was arrested by officers with the Richardson, Texas, Police Department for Driving While Intoxicated-Open Container and Felony Evading Arrest with a Motor Vehicle. According to the Richardson Police Department arrest report,

    Defendant was found asleep behind the wheel of his running vehicle. When officers made contact with Defendant, he fled the scene at a high rate of speed. Once Defendant stopped, officers located a half-filled cup of an alcoholic beverage and a case of hard iced tea inside the car. Defendant has been indicted for Evading Arrest/Detention with a Vehicle, Cause No. F-23-45479, in the 204th Judicial District Court. An Enhancement has been filed, as this offense occurred after he was previously convicted of Delivery of a Controlled Substance, Cause No. F1745960 on January 19, 2021. On September 28, 2023, Defendant presented himself at the U.S. Probation Office in Plano, Texas, for random drug testing. During collection of his specimen, Defendant was observed wearing a device to alter his urinalysis results. He denied wearing a manipulation devise and said it was part of his thermal underwear. He left the probation office without submitting a urine sample. Falsification of a drug test is a violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor. No formal charges have been filed in this matter.

2. Defendant failed to truthfully disclose the nature of his law enforcement contact on his monthly supervision report submitted February 5, 2023. Specifically, he indicated the nature of his contact as "inquiry/questions while jogging; taken to hospital no charges." On February 7, 2023, when asked about the nature of his law enforcement contact, Defendant reported that he went for a run in Parker, Texas, and became disoriented after running four miles. Defendant stated that an officer stopped to check on him and transported Defendant to a hospital for dehydration. Defendant failed to disclose the true nature of his interaction with police. According to the incident report, Defendant was arrested after he was observed in a roadway yelling. A Parker, Texas, police officer located Defendant in a field near a local church, where he proceeded to run from officers. Defendant was subsequently taken

    to a local hospital for a mental health evaluation due to the introduction of drugs into his system or a mental episode. Defendant reported that he ran approximately four miles, in freezing weather, because he believed he was being chased and he was hearing voices. It was learned that he left his parents' house by jumping out of a first-floor window, as he reported, "to escape the voices and people." Defendant denied a need for a mental health evaluation, and a mental health professional was not dispatched due to impassable roads. Additionally, on April 19, 2023, Defendant disclosed his contact with law enforcement; however, he was not truthful regarding the nature of the contact. Specifically, Defendant reported that he was stopped for a moving violation. During a call on April 21, 2023, Defendant again falsely reported that he was stopped by Richardson police officers for a moving violation.

3. On June 12, 2023, Defendant was advised of the modification to his conditions of supervision. Defendant stated that he had already begun the process of LifePath Systems in Plano, Texas, and had an evaluation scheduled for June 28, 2023. Defendant was instructed to complete a release of information for LifePath Systems so that his counselor could communicate with U.S. Probation, and Defendant agreed. A release of information form was not signed until July 24, 2023, after he was instructed again on July 20, 2023.

4. On September 28, 2023, Defendant appeared at the U.S. Probation Office in Plano, Texas as part of his participation in the U.S. Probation Office's random drug testing program. After being found in possession of a falsification device, he left the office without providing a urine sample. Defendant failed to appear for random drug testing at the U.S. Probation Office in Plano, Texas, on August 28, 2023, and August 31, 2023, as part of the U.S. Probation Office's random drug testing program. Defendant admitted he drank

    alcohol with friends earlier in the day on April 17, 2023. Defendant began attending individual outpatient substance abuse treatment sessions on March 16, 2023, and should have been abstaining from the use of alcohol.

5. On February 7, 2023, Defendant reported to police that he ran approximately four miles, in freezing weather, because he believed he was being chased and was hearing voices. It was learned that he left his parents' house by jumping out of a first-floor window, as he reported, "to escape the voices and people." During an administrative hearing on May 10, 2023, with U.S. Probation officers, Defendant reported that three to four times since his release from the Bureau of Prisons, he had experienced episodes where he thinks people are following him. Defendant reported experiencing stress from lack of sleep, going days and up to a week without sleeping. He reported experiencing visual and auditory hallucinations when he has a significant lack of sleep. He reported periods of paranoia that caused conflicting perspectives in his head. Defendant was instructed to make sure he disclosed all of this information to his treatment providers so they could make an accurate diagnosis, and he can receive the appropriate treatment. Defendant failed to participate in mental health treatment by not fully disclosing the same symptoms to his provider as disclosed to the U.S. Probation Officer.

6. On September 26, 2023, Defendant was instructed to provide verification of his employment for August and September 2023. Defendant subsequently submitted four paystubs on October 18, 2023, that were determined to be falsified. The falsified paystubs contained noticeable errors, including only his first name being listed, street names were not capitalized, pay dates inconsistent with pay periods, and tax deduction errors.

(Dkt. #9 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations #2 through #6 of the Petition. Having considered the Petition and the plea of true to allegations #2 through #6, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of nine (9) months, with a term of two years supervised release to follow. All prior conditions imposed in the original judgment are reimposed here.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 10th day of June, 2024.**

*(signature)*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE